## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CONAL C. DOYLE,
      Plaintiff

        v.

THE JEDBURGH GROUP, INC.,
      Defendant.

CIVIL ACTION
NO. 05-11409 NG

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT AND REQUEST FOR REASONABLE TIME TO FILE A RESPONSIVE PLEADING

Defendant, The Jedburgh Group, Inc. ("Defendant" or "Jedburgh Group"), respectfully submits this Opposition to Plaintiff Conal C. Doyle's ("Plaintiff" or "Doyle") Motion to Default for Failure to Answer in a Timely Manner ("Motion for Default" or "Motion"). The Motion should be denied because Plaintiff has failed to submit an affidavit or any evidence of his claims or damages, which are required by the Federal Rules of Civil Procedure and are critical to a motion for default. Moreover, Plaintiff's Motion should be denied on substantive grounds, as any delay with regard to Defendant's answer is not only directly attributable to Plaintiff's erroneous representations to the Defendant but also entirely non-prejudicial.

## FACTS

The Plaintiff, pro se, has filed a complaint (the "Complaint") in this Court making numerous allegations against the Defendant and seeking damages in the amount of $1,900,000.00. *See* Affidavit of David Keith Freeman, October 13, 2005 ("Freeman Aff."), attached hereto as Exhibit A, at Tab 1 (the Complaint). The summons for the Complaint was served on David Keith Freeman, President of Jedburgh, on August 11, 2005. Id. at ¶ 2, Tab 2.

The summons lists one hundred and twenty (120) days as the time within which an answer or other responsive pleading must be filed. Id. at ¶ 3, Tab 2.

On September 21, 2005, more than forty (40) days after service of the summons, the Plaintiff sent a letter to Frank Nisi, counsel for and agent of Jedburgh, alerting him that the summons erroneously stated one hundred and twenty (120) days, rather than twenty (20) days, as the time within which the Defendant must file an answer the Complaint. Id. at ¶ 4, Tab 3.[1]  The Defendant did not receive Plaintiff's letter until October 6, 2005, at which time Mr. Freeman first reviewed the letter. Id. at ¶ 4.  The Defendant, in reliance on the time set forth in the summons, had not yet investigated the Plaintiff's numerous allegations and thus was not prepared to immediately answer the Complaint. Id. at ¶¶ 3, 5.  On October 3, 2005, less than two weeks after Plaintiff mailed the letter, he filed the Motion requesting a default judgment and damages in the amount of $1,900,000. Id. at ¶ 6, Tab 4.[2]  On October 10, 2005, Defendant retained current counsel to represent it in this matter. See id. at ¶ 8.

## ARGUMENT

### A.    Plaintiff's Motion for Default Should be Denied Because it Fails to Comply With the Requirements of the Federal Rules of Civil Procedure.

#### 1.    Plaintiff failed to submit an affidavit as required by Rule 55.

Default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure.[3]

Rule 55 requires that all motions for entry of default judgment be accompanied by an affidavit.

---

[1]    The letter from Plaintiff to Mr. Nisi stated that, "[i]n error, the time stated for a response to the complaint stated 120 days.  We realize that the complaint should have been answered in the usual statutory period of 20 days." (Emphasis in original.)

[2]    Interestingly, Plaintiff's Motion claims that "[a] letter was sent to Mr. Frank Nisi on September 21, 2005 to remind him that an answer has not been received in this case." (Emphasis added.)  See Freeman Aff., at Tab 3.  This statement is entirely misleading and could be grounds for a Rule 11 sanction.  See Fed.R.Civ.P. Rule 11(b).

[3]    While it is unclear whether the Motion for Default seeks an entry of default or a default judgment by the clerk or by the Court, the Motion does not meet the clear requirements of either entry of default or judgment by

Fed.R.Civ.P. Rule 55(a) and (b). The purpose of such affidavit is to verify the information contained in the default motion, particularly any amount of damages that the moving party is requesting. *See* id. Furthermore, the affidavit must indicate that the defendant is not an infant or incompetent person. *See* id.

Here, the Plaintiff has failed to submit an affidavit with the Motion for Default or explain the absence thereof. *See* Freeman Aff. at Tab 4. As such, the court has no way of knowing if the Defendant is an infant or an incompetent person. *See* Fed.R.Civ.P. Rule 55(b). The absence of the requisite affidavit renders the Motion improper under sections (a) and (b) of Rule 55 and the Court, in its discretion, should therefore deny the Motion on that basis alone.

> 2.   Plaintiff has failed to provide competent evidence with regard to his claims and alleged damages.

Plaintiff has the burden of establishing the extent of damages resulting from his allegations against the Jedburgh Group. *See Eisler v. Stritzler*, 535 F.2d 148, 153-54 (1st Cir. 19876) (damages cannot be assessed without a hearing at which competent evidence of damages is introduced). He is required to demonstrate the amount of his damages or show that his claims are for a sum certain or are susceptible of mathematical calculation. *See United Artists Corp. v. Freemand*, 605 F.2d 854, 847 (1st Cir. 1976). A conclusory motion alone does not provide competent evidence of damages. *See National Grain Mutual Ins. Co. v. Walsh*, 27 App. Ct. 155, 158 (citing *United Artists*, 605 F.2d at 847); *Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 13 (1st Cir. 1985).

Specifically, Rule 55 requires that the moving party make a claim for a "sum certain or for a sum which by computation can be made certain" before the clerk may enter a default judgment. Fed.R.Civ.P. Rule 55(b)(1). While it is unclear upon which section of the Rule the

---

default. Both require an affidavit, which the Plaintiff has failed to submit with his Motion. *See* Fed.R.Civ.P. Rule 55(a) and (b).

Plaintiff is relying, the Motion "request[s] a default judgment in the amount of $1,900,000.00." *See* Freeman Aff. at Tab 4. Despite Rule 55's requirement that a moving party substantiate the amount he seeks, *see* Fed.R.Civ.P. Rule 55(b), the Plaintiff has given no indication as to how he arrived at the amount of $1,900,000.00. *See* Freeman Aff. at Tab 4.

Moreover, the Motion itself neglects to itemize or detail the type or extent of the requested damages. *See* id. Instead, it simply provides unsubstantiated and misleading[4] facts and states "[t]herefore, Plaintiff requests a default judgment in the amount of $1,900,000.00." *See* id. That amount is not a sum certain, or a sum which can by computation be made certain. *See* Fed.R.Civ.P. Rule 55(b)(1). Indeed, the Plaintiff has provided no basis - much less a verifiable basis - for the request of $1,900,000.00.

In addition, Plaintiff has failed to provide substantiated evidence - by affidavit or otherwise - setting forth facts which constitute a default by Defendant. *See* Freeman Aff., at Tab 4. Plaintiff's allegations have not been verified and damages clearly cannot be ascertained with any certainty at this time. As such, Plaintiff's request for default and damages is premature and should be denied.

> **B.    Plaintiff's Motion Should be Denied Because the Delay in Answering the Complaint is Directly Attributable to Plaintiff's Representations and No Prejudice Has Resulted From Such Delay.**

Courts prefer to decide cases on the merits rather than by default. *Key Bank of Maine v. Tablecloth Textile Co. Corp.*, 74 F.3d 349, 356 (1st Cir. 1996). In determining whether a default judgment is appropriate, courts consider such factors as whether the default was willful, whether the defendant can provide a meritorious defense, the nature of the defendant's explanation for the default, the good faith of the parties and the amount of money involved. *KPS & Assocs. v. Designs by FMC, Inc.*, 318 F.3d 1, 14 (1st Cir. 2003) (deciding motion to set aside judgment of

---

[4]    *See* note 1, supra.

default).  The determination must be made in a "practical, commonsense manner."  *See General Contracting & Trading Co., LLC v. Interpole, Inc.*, 899 F.2d 109, 112 (1st Cir. 1990) (upholding default judgment where defendant's conduct came "perilously close to willfulness").

Here, the Jedburgh Group's delay in answering the Complaint is unquestionably a result of Plaintiff's erroneous representations in the summons.  *See* Freeman Aff. at ¶¶ 3, 5.  Had the summons notified the Jedburgh Group that an answer was required within twenty (20) days, its answer would have been filed within that time period.  *See* id at ¶ 7.  Indeed, immediately upon receipt of Plaintiff's letter alerting Defendant's agent to the mistake, the Jedburgh Group retained counsel in a good faith effort to respond to the Complaint in a timely manner.  *See* id at ¶¶ 4, 5.

Moreover, courts evaluate whether any prejudice would result from the entry or setting aside of a default.  *See KPS & Assocs.*, 318 F.3d at 14.  Prejudice cannot be judged "merely from the passage . . . of time" but should instead be determined by evidence that "witnesses have died, memories have dimmed . . . a discovery scheme has been thwarted . . . or evidence lost."  *Coon v. Grenier*, 867 F.2d 73, 75 (1st Cir. 1989).   Any doubts should be resolved against default where the defendant has alleged a meritorious defense and the plaintiff has not been prejudiced.  *Gamble v. Pope & Talbot, Inc.*, 191 F.Supp. 763, 764 (E.D.Pa. 1961), *rev'd on other grounds*, 307 F.2d 729 (3d Cir. 1962) (citing *Tozer v. Charles A. Krause Mill Co.*, 189 F.2d 242, 245 (3d Cir. 1951) (setting aside default motion where plaintiff suffered no prejudice and defendant's neglect was excusable)).

In this case, there is no evidence whatsoever that the delay of only a few weeks has resulted in *any* prejudice -  much less prejudice of the type contemplated by the courts -  to the Plaintiff.  In fact, Plaintiff has not even made any such allegations.  *See* Freeman Aff., at Tab 4; *see First Am. Bank, N.A. v. United Equity Corp.*, 89 F.R.D. 81 (D.C. 1981) (court would not

enter default judgment where plaintiff did not allege that it was substantially prejudiced by the delay).   Furthermore, common sense would indicate that no prejudice has resulted, *see General Contracting & Trading Co.,* 899 F.2d at 112, as the only consequence of the delay is the mere passage of time.  *See Coon*, 867 F.2d at 75.  Plaintiff's failure to allege prejudice, the undisputed cause of the delay, and the Jedburgh Group's good faith efforts undoubtedly support the denial of Plaintiff's Motion.  *See KPS & Assocs.*, 318 F.3d at 14

Finally, as there will be no prejudice to Plaintiff, Defendant requests additional time to file a responsive pleading.  Although the Complaint is only two pages, it contains numerous inflammatory allegations.  *See* Freeman Aff., at Tab 4.  Given Plaintiff's frivolous claims, and that the Complaint is so difficult to comprehend, it will take the Defendant some time to make sense of the allegations, investigate them and respond accordingly.  As such, it is certainly justifiable that Defendant requires additional time to prepare its responsive pleading.

WHEREFORE, Defendant Jedburgh Group respectfully requests that this Court enter an Order denying Plaintiff's Motion for Default and allowing Defendant sixty (60) days to file a responsive pleading.

Respectfully submitted,

THE JEDBURGH GROUP, INC.
By its attorney,

/s/ Daniel J. Kelly_____
Daniel J. Kelly, BBO No. 553926
dkelly@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA  02110
(617) 345-7000

October 14, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing <u>Defendant's Opposition to Plaintiff's Motion for Default and Request for Reasonable Time to File a Responsive Pleading</u> was served on the foregoing party of record pursuant to Fed. R. Civ. P. 5 as follows:

Conal C. Doyle          (VIA HAND DELIVERY)
35 West Street, #6
Cambridge, MA 02139
617-234-8990

                                        /s/ Daniel J. Kelly
                                        Daniel J. Kelly BBO No. 553926
                                        dkelly@ghlaw.com
                                        Gadsby Hannah LLP
                                        225 Franklin Street
                                        Boston, MA 02110
October 14, 2005                        (617) 345-7000

B0433420v1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

CONAL C. DOYLE,
      Plaintiff

        v.

THE JEDBURGH GROUP, INC.,
      Defendant.

CIVIL ACTION
NO. 05-11409 NG

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT AND**
**REQUEST FOR REASONABLE TIME TO FILE A RESPONSIVE PLEADING**

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CONAL C. DOYLE,
Plaintiff

v.

THE JEDBURGH GROUP, INC.,
Defendant.

CIVIL ACTION
NO. 05-11409 NG

## AFFIDAVIT OF DAVID KEITH FREEMAN

I, David Keith Freeman, on oath, do hereby depose and say as follows:

1.      I am the president of The Jedburgh Group, Inc. (the "Jedburgh Group"), the defendant in this action. This affidavit is made on the basis of my personal knowledge.

2.      On August 11, 2005, I was served with a summons for a complaint (the "Complaint") filed by Conal C. Doyle against the Jedburgh Group. The Complaint, which seeks damages in the amount of $1,900,000.00 plus interest and expenses, alleges willful breach of client confidentiality, failure to provide work product and billing records, conflict of interest, slander and defamation of character, and willful tortuous interference with Plaintiff's working relationship with his clients and lenders. A true and accurate copy of the Complaint is attached hereto as Tab 1. A true and accurate copy of the summons is attached hereto as Tab 2.

3.      The summons clearly states that the Jedburgh Group had 120 days from that time to file its answer to the Complaint. The Jedburgh Group relied upon that information and believed that it did, in fact, have a period of 120 days within which to respond. As a result, the Jedburgh Group did not immediately begin to investigate the allegations set forth in the Complaint.

B0433089v1

4.      On September 21, 2005, Conal C. Doyle sent a letter to Frank Nisi, attorney and registered agent for the Jedburgh Group, notifying the Jedburgh Group of an "error" in the summons and informing it that the complaint "should have been answered" within 20 days. I first received this letter, at the offices of the Jedburgh Group, on October 6, 2005. A true and accurate copy of the September 21, 2005, letter is attached hereto as <u>Tab 3</u>.

5.      Prior to this letter, the Jedburgh Group was entirely unaware of the 20-day deadline. Upon receipt of the letter, the Jedburgh Group has retained counsel and made a good faith effort to investigate the allegations in the Complaint.

6.      Jedburgh would have filed its responsive pleading within 20 days if it was aware that it was required to do so.

7.      On October 3, 2005, Conal C. Doyle filed a Motion to Default for Failure to Answer in a Timely Manner (20 Days). A true and accurate copy of the motion is attached hereto as <u>Tab 4</u>.

8.      On October 10, 2005, the Jedburgh Group retained current counsel to represent it in this matter.

Signed under the penalties of perjury this 13 day of October, 2005.

in the County of _Seminole_ and State of _FL_ this 13 day of October 2005.

David Keith Freeman

Subscribed and sworn to this 13 day of ~~July~~ October 2005.

Before me, _Rodger C. Taylor_

Notary Public

RODGER C. TAYLOR
MY COMMISSION # DD 268095
EXPIRES: December 14, 2007
Bonded Thru Notary Public Underwriters

Sworn to and Subscribed before me:
On this 13 Day October 20 05
Who is Personally known to me: ✓
Or hasProduced Identification _____
Type of I.D. _____

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONAL C. DOYLE,
Plaintiff

v.

THE JEDBURGH GROUP, INC.,
Defendant.

CIVIL ACTION
NO. 05-11409 NG

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT AND
REQUEST FOR REASONABLE TIME TO FILE A RESPONSIVE PLEADING**

**EXHIBIT A – TAB 1**

*COPY*

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

CONAL C. DOYLE, Plaintiff

V.                                                     CIVIL ACTION

NO. _____

THE JEDBURGH GROUP, INC., Defendant

### COMPLAINT   05   11409   NG

#### Parties

1. The Plaintiff, Conal C. Doyle, is a resident of Cambridge, Massachusetts, Middlesex County, and a citizen of the United States.

2. The Defendant ,The Judburgh Group, Inc., is a corporation with its primary business located in Heathrow, Seminole County, Florida 32746. MGEN John K. Singlaub, U.S. Army (ret), chairman of the board, is a citizen of the United States. Mr. David Keith Freeman, president, is a citizen of the United States.

#### Jurisdiction

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. S1332.

#### Facts

4. In 2001 Plaintiff entered into a contract with the Defendant, a licensed private investigation firm in the State of Florida, for the recovery of certain assets and paid over $50,000.00 in retainer fees.

5. Mr. David Keith Freeman is licensed with the Security and Exchange Commission (SEC) and a registered member of the National Association of Security Dealers (NASD), as well as a professional private investigator.

Oct 10 05 11:01a                                                                                                          p.5

TO:4075409722                                  P:1/1

6. Over the past four years Defendant has produced no monetary results and refuses to produce any "work product from the investigation" or provide any accounting for time spent since the contract was billed on an hourly basis. Plaintiff made numerous requests for this material as recently as January, 2005.

7. Plaintiff provided Defendant with a complete list of his clients, as well as other highly confidential business information.

8. Plaintiff referred Defendant several other client/lenders for recovery issues which were totally separate and different from Plaintiff's business activities.

9. Defendant used confidential information gained through the client relationship with the Plaintiff to make numerous misrepresentations to clients/lenders with the intent to earn addition fee income.

10. Defendant defamed the character of Plaintiff with numerous client/lenders in an effort to retain Defendant to proceed in action against Plaintiff, a current client of Defendant.

11. Defendant made slanderous statements about Plaintiff in his conduct of business to manipulate these individuals into becoming clients of Defendant and pursue claims against Plaintiff.

12. In May and June 2005 with several major real estate and financial contracts in default Plaintiff has tried to arrange an Offer and Compromise Agreement with his client/lenders in the approximate amount of $1,900,000. Defendant has actively destroyed Plaintiff's business credibility and encouraged many of the clients/lenders to oppose any Offer and Compromise. This proposed agreement excluded additional fee income for Defendant.

AUG-11-2005 10:18A FROM:                                    TO:4075409722          P:1/1

Plaintiff seeks relief from the Defendant for willful breach of client confidentiality, failure to provide work product and billing records, conflict of interest, slander and defamation of character, as well as willful tortuous interference with Plaintiff's working relationship with his client/lenders. Immediately, Plaintiff requests that Defendant, his lawyers, associates and agents cease any and all communications with the client/lenders. Furthermore, Plaintiff seeks damages in the amount of the $1,900,000.00 plus interest and other legal expenses to cover the harm caused to Plaintiff's business reputation and to cover the cost of the outstanding debt to Plaintiff's client/lenders.

13. WHEREFORE, the Plaintiff demands judgment against the Defendant for damages and such other relief as this Court deems just.

14. The Plaintiff demands a trial by jury.

Signature: _Conal C. Doyle_

Name:        Conal C. Doyle (Pro Se)

Address:    35 West Street, #6

                Cambridge, MA. 02139

Telephone:  617-234-8990

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

CONAL C. DOYLE,
    Plaintiff

    v.

THE JEDBURGH GROUP, INC.,
    Defendant.

CIVIL ACTION
NO. 05-11409 NG

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT AND
## REQUEST FOR REASONABLE TIME TO FILE A RESPONSIVE PLEADING

## EXHIBIT A – TAB 2

AUG-11-2005  10:12A FROM:                                    TO:4075409722         P:1/3

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of        **MASSACHUSETTS**

CONAL C. DOYLE

       V.                          **SUMMONS IN A CIVIL ACTION**

THE JEDBURGH GROUP, INC.

                               CASE NUMBER:

# 05  11409  NG

TO: (Name and address of Defendant)

     **MR. DAVID KEITH FREEMAN**
     **PRESIDENT**
     **THE JEDBURGH GROUP, INC.**
     **120 INTERNATIONAL PARKWAY, SUITE 220**
     **HEATHROW, FLORIDA 32746**

SHERIFF DONAI D F ESLINGER
SEMINOLE COUNTY, FLORIDA
SERVED AT  10 02   A.M. ON
THE  11  DAY OF aug  2005
BY:_____ D.S

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

     CONAL C. DOYLE  (PRO SE)

     35 WEST STREET, # 6

     CAMBRIDGE, MASSACHUSETTS 02139

an answer to the complaint which is served on you with this summons, within _____**120**_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

SARAH A. THORNTON
CLERK

DATE     7-6-05

(By) DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CONAL C. DOYLE,
    Plaintiff

    v.

THE JEDBURGH GROUP, INC.,
    Defendant.

CIVIL ACTION
NO. 05-11409 NG

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT AND REQUEST FOR REASONABLE TIME TO FILE A RESPONSIVE PLEADING

### EXHIBIT A – TAB 3

Oct 10 05 11:01a                                                                                    p.8

Oct 10 05 11:11    Urling Long                                    407 622 2666    P.02

EXHIBIT 2

**CONAL C. DOYLE**
35 West Street, #6
Cambridge, MA. 02139
617-234-8990

                                                    September 21, 2005

Mr. Frank Nisi
Attorney at Law
Registered Agent for The Jedburgh Group, Inc.
Suite #100
2003 Lake Howell Lane
Casselberry, Florida 32751

                            RE: USDC Civil Action
                            No. 05 11409 NG

Dear Mr. Nisi,

On August 11, 2005 the Seminole County Sheriff's Office made service at your office with regard to the above case in United States District Court, District of Massachusetts, copy attached. In error, the time stated for a response to the complaint stated <u>120 days</u>. We realize that the complaint should have been answered in the usual statutory period of <u>20 days</u>. Could you please let me know if your client plans to file an ANSWER?

Meanwhile, on September 7, 2005 the Seminole County Sheriff's Office made service at your office regarding the attached documents in the Addison Superior Court Docket No. 164-8-05 Ancv. The time period to answer is again <u>20 days</u> which means that an ANSWER is due on September 27, 2005.

Cordially yours,

Conal C. Doyle (Pro Se)
617-234-8990

U.S. Postal Service Signature Confirmation Receipt

Postage and Signature Confirmation fees must be paid before mailing.
Article Sent To: (to be completed by mailer)

FRANK NISI, ATTORNEY
SUITE 100
                                FLORIDA

Waiver of Signature    ☐ YES    ☐ NO

POSTAL CUSTOMER:
Keep this receipt. For inquiries:
Access internet web site at
"www.usps.com" ®
or call 1-800-222-1811

CHECK ONE (POSTMARK HERE)
☐ Priority Mail® Service
☐ First-Class Mail® parcel
☐ Package Services parcel

SIGNATURE CONFIRMATION NUMBER
2304 1070 0000 6553 3463

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

CONAL C. DOYLE,
    Plaintiff

       v.

THE JEDBURGH GROUP, INC.,
    Defendant.

CIVIL ACTION
NO. 05-11409 NG

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT AND**
**REQUEST FOR REASONABLE TIME TO FILE A RESPONSIVE PLEADING**

**EXHIBIT A – TAB 4**

Oct 10 05 11:01a                                    p.9
                                            407 622 2656    P.03

UNITED STATES DISTRICT COURT, *FILED*
DISTRICT OF MASSACHUSETTS *IN CLERKS OFFICE*

CONAL C. DOYLE, Plaintiff )
)                     2005 OCT -3  A 10: 36
        V.                    )
)                     U.S. DISTRICT COURT
)                     DISTRICT OF MASS.
)            CIVIL ACTION
)
THE JEDBURGH GROUP, INC., Defendant )            NO. 05-11409 NG
)

## PLAINTIFF'S MOTION TO DEFAULT FOR FAILURE TO ANSWER IN A TIMELY MANNER (20 DAYS)

NOW COMES the Plaintiff and asks this court to default the Defendant

for failure to answer this complaint in a timely manner.

1. Service was provided by the Seminole County Sheriff's Office on

the Defendant c/o Mr. Frank Nisi, Registered Agent for The Jedburgh Group, Inc.

at 2003 Lake Howell Lane, Casselberry, Florida on August 11, 2005.

2.      Defendant is **not licensed** as a Class "A" private investigative firm in the State

of Florida according to the Department of Agriculture and Consumer Services.

(See Exhibit #1).

3.      A letter was sent to Mr. Frank Nisi on September 21, 2005 to remind him that

an answer has not been received in this case, USDC No. 05-11409 NG, as well as in the

Addison Superior Court Docket No. 164-8-05 Ancv case where The Jedburgh Group, Inc.

is a third party Defendant. (Exhibit #2)

THEREFORE, Plaintiff requests a default judgment in the amount of

$1,900,000.00. Plaintiff also seeks a permanent injunction against Defendant and his

agents and law firms from pursuing Plaintiff where Defendant has broken

Oct 10 05 11:02a

p.10

407 622 2556    P.04

confidentiality rules and has a conflict of interest with clients of Plaintiff.

Respectfully submitted,

_Conal C. Doyle_

Conal C. Doyle (Pro Se)
35 West Street #6
Cambridge, MA 021239
617-234-8990

Dated: October __3__, 2005

BENJAMIN O. SAMUEL
Notary Public
Commonwealth of Massachusetts
My Commission Expires 06/08/2009