UNITED STATES DISTRICT COURT
For the District of Massachusetts

| | |
|---|---|
| CONAL C. DOYLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C. A. No. 05 11409 NG |
| THE JEDBURGH GROUP, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Defendant The Jedburgh Group, Inc. ("Jedburgh Group") submits this memorandum of law in support of its motion to dismiss, with prejudice, various claims in the complaint (the "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The facts upon which the motion is based are set forth below. Because Plaintiff Conal C. Doyle ("Plaintiff"), in his Complaint, boldly asserts numerous "claims" without categorizing them as separate counts, the Defendant has attempted to distinguish the claims and will refer to them as Plaintiff has.

## ARGUMENT

It is well established that a plaintiff must set forth allegations of fact, whether direct or indirect, regarding each material element necessary to sustain recovery under some actionable legal theory. *Sebago, Inc. v. Beazer East, Inc.*, 18 F.Supp.2d 70 (D. Mass. 1998) (emphasis added). In considering a motion to dismiss, the Court should not credit "bald assertions, unsupportable conclusions, or opprobrious epithets." *Stegall v. Ladner*, 2005 WL 2709127, *1

(D.Mass. Oct. 14, 2005) (quoting *Chongris v. Bd. of Appeals*, 811 F.2d 36, 37 (1st Cir.1987)). The Plaintiff here has attempted to state numerous causes of action based upon inflammatory, unsupported - and unsupportable - allegations.  Thus, this Court should dismiss the claims.  *See id*.

**I.    The Plaintiff Fails to State a Claim for Willful Breach of Client Confidentiality or Conflict of Interest.**

In the Complaint, Plaintiff "seeks relief from the Defendant for willful breach of client confidentiality" as well as conflict of interest.  *See* Complaint at ¶ 12.  For each of these claims, Plaintiff bears the burden of proof.  *See Ebix.com, Inc. v. McCracken*, 312 F.Supp.2d 82, 90 (D.Mass. 2004).

A willful breach of confidentiality simply cannot exist in this case.  Such causes of action are proper only where an obligation of confidentiality has been expressly or impliedly imposed upon the parties.  *See Duty Free Americas, Inc. v. Legg Mason Wood Walker, Inc.*, 2005 WL 914395 at *4 (Md.Cir.Ct. 2005) (dismissing breach of confidential relationship count where plaintiff failed to allege any facts demonstrating a contract or implied obligation between the parties);  *see also Feinstein v. Space Ventures, Inc.*, 989 F.2d 49, 51 (1st Cir. 1993) (finding abuse of discretion where district court improperly recognized a "common law duty not to divulge or use 'confidential' information").  Because no confidential relationship was present here - or even alleged to have been present here - Plaintiff has not and cannot put forth facts which establish a breach of confidentiality.

Like breach of confidentiality, conflict of interest is not a cause of action per se. Because conflicts of interest necessarily implicate breaches of fiduciary duties, such actions require that a fiduciary duty exist between the parties.  *See generally McElroy v. Robinson &*

*Cole*, 61 Mass.App.Ct. 1110, ***3 (2004) (citing *Clarke v. Rowe*, 428 Mass 339, 345 (1998)

(inappropriate conflicts of interest and breach of client confidences are types of fiduciary

breaches).  The Plaintiff has failed to allege any fiduciary duty between Plaintiff and Defendant,

an alleged private investigation company, and certainly one cannot be recognized for the type of

business relationship that Plaintiff alleges existed with Defendant.  *See generally Sorenson v. H*

*& R Block*, 99-10268-DPW (D.Mass. 2002).

    Moreover, for a party to successfully sue based on breach of fiduciary duty, he must

demonstrate that the breach caused him harm.  *Sentinel Products Corp. v. Platt*, Civil Action No.

98-11143-GAO (D.Mass. 2002) (O'Toole) (citing *Van Brode Group, Inc. v. Bowditch & Dewey*,

633 N.E.2d 424, 429 (Mass. App. Ct. 1994); Mallen & Smith, Legal Malpractice § 16.18 at 777

(5th ed. 2000) ("the client must prove not only that there were conflicting interests that prevented

the attorney from providing competent representation, but also that such was a proximate cause

of the client's injury")).  The Complaint not only fails to set forth any allegations that a fiduciary

relationship existed between the parties but also does not allege that Plaintiff has suffered *any*

injury, much less the type required for this cause of action. *See* Complaint at ¶ 12.  As such,

Plaintiff has failed to state a claim for conflict of interest upon which relief may be granted.  *See*

*Sebago,* 18 F.Supp.2d 70.

**III.    The Plaintiff Fails to State a Claim for Slander and Defamation of Character.**

    Plaintiff, in his Complaint, has also made a claim of "slander and defamation of

character" by Defendant.  *See* Complaint at ¶ 12.  However, the Complaint omits even the most

basic details necessary to state a claim for such a cause of action.  In order to state a claim for

defamation - whether slander or libel -  a plaintiff must show that the defendant "published a

false statement about him to a third party that either caused him economic loss or was of the type

that is actionable without proof of economic loss." *Rogers v. NSTAR Elec.*, 2005 WL 2333334 (D.Mass. Sept. 23, 2005) (citing *White v. Blue Cross & Blue Shield of Mass., Inc.,* 442 Mass. 64, 66 (2004)); *see also Dorn v. Astra USA,* 975 F.Supp. 388, 396 (D.Mass.1997).  While words may be considered defamatory where they submit the plaintiff to contempt, hatred, scorn or ridicule, *Cornwell v. Dairy Farmers of America, Inc.*, 369 F.Supp.2d 87, *110-11 (D.Mass.,2005); *see also Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n,* 142 F.3d 26, 42 (1st Cir.1998),  the plaintiff must suffer some injury as a result of those words in order for a defamation claim to exist.  *See Rogers*, 2005 WL 2333334.

Here, Plaintiff has not alleged that Defendant made any false statements or that any such statements caused actual harm to Plaintiff.  As such, he has failed to state a defamation or slander claim for which the Court may grant relief.  *See* Fed.R.Civ.P. 12(b)(6).[1]

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's claims against Defendant with prejudice pursuant to Fed.R.Civ.P. 12(b)(6).

Respectfully submitted,

THE JEDBURGH GROUP, INC.
By its attorney,

/s/ Daniel J. Kelly_____
Daniel J. Kelly, BBO No. 553926
Gadsby Hannah, LLP
225 Franklin Street
Boston, MA 02110
(617) 345-7000

Dated:  November 14, 2005

---

[1] Moreover, a statement cannot be defamatory if it is "substantially true." *Nolan v. Krajcik*  384 F.Supp.2d 447, *473 (D.Mass.,2005); *see also Reilly v. Associated Press,* 59 Mass.App.Ct. 764, 770 (2003) ("when a statement is substantially true, a minor inaccuracy will not support a defamation claim").  The Plaintiff's failure to set forth the content or falsity of any alleged statements made by Defendant further supports dismissal of the claim.

## LOCAL RULE 7.1 CERTIFICATION

I, Daniel J. Kelly, counsel for moving party The Jedburgh Group, Inc., hereby certify that I have conferred with the pro se plaintiff in a good faith attempt to resolve or narrow the issues raised in this motion, but have been unable to do so.

/s/ Daniel J. Kelly
Daniel J. Kelly

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day a true copy of the foregoing <u>Memorandum in Support of Defendant's Motion to Dismiss the Complaint</u> was served on the foregoing party of record pursuant to Fed.R.Civ.P. 5 as follows:

Conal C. Doyle (VIA HAND DELIVERY)
35 West Street #6
Cambridge, MA  02139
617-234-8990

/s/ Daniel J. Kelly_____
Daniel J. Kelly, BBO No. 553926
Gadsby Hannah, LLP
225 Franklin Street
Boston, MA 02110

November 14, 2005                        (617) 345-7000